Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| SAMUEL SIERRA PLÁCERES<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2025RA00198 | REVISIÓN ADMINISTRATIVA procedente de la División de Remedios Administrativos del DCR<br><br>Caso Núm.:<br>GMA1000-283-25<br><br>Sobre:<br>Solicitud de reconsideración sobre servicios de salud o tratamiento médico |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martinez Cordero

Ortiz Flores, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de abril de 2026.

Comparece el señor Samuel Sierra Placeres (Sr. Sierra; recurrente), *pro se*, mediante el *Recurso de Revisión Administrativa* en el cual nos solicita la revisión y revocación de una *Respuesta de Reconsideración al Miembro de la Población Correccional*, emitida el 31 de julio de 2025 por el Departamento de Corrección y Rehabilitación (DCR) en la que denegó la petición de reconsideración y modificó la contestación del Área Médica.

Por los fundamentos que expondremos a continuación, adelantamos que se confirma la determinación administrativa recurrida, sin trámite ulterior bajo lo dispuesto en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5).

**I**

El Sr. Sierra se encuentra en la Institución Guayama núm. 1000 módulo 1-A-107[1], y nos expone que sufre de frecuentes dolores de espalda, al grado de que en ocasiones se le tranca la espalda o sea que se queda doblado o virado. Añade que a veces siente mucho dolor y otras

---

[1] PO Box 10009 Guayama, PR 00785.

veces menos, pero siempre tiene dolor, y que tiene artritis en la espalda, discos herniados y dolor lumbar. El peticionario nos informa que para su condición estaba recibiendo 3 dosis de "neurotin" de 600 diarias y hace alrededor de 3 años o más le quitaron el tratamiento, sin justa causa, porque en las pruebas de laboratorio que le realizaron, sorpresivamente, siempre dio los niveles del medicamento, y que lo dejaron sin medicamento. Añade que lleva años reclamando ayuda por los medios administrativos, que ha buscado ayuda para el dolor y lo que le ofrecen de medicamento para las condiciones de artritis, discos herniados y dolor lumbar es una Tylenol 2 veces al día, lo que considera prácticamente nada, y que las instrucciones del fabricante, 2 Tylenol son cada 6 horas, lo que tampoco le ayudaría, porque es un medicamento muy flojo para sus condiciones. Además, señala que el medicamento Motrin tampoco ayuda y le hace daño al hígado, y que tiene artritis y le cae pesado al estómago.

Por otro lado, expone que en la Institución Correccional Ponce Máxima donde estuvo confinado, fue referido al Fisiatra unas veces, durante uno a dos años. Describe que la atención del Fisiatra incluye lo siguiente: le dio el medicamento Medrol que le hace daño a la artritis; le recetó Celebrex, medicamento que no lo ayudó; le ordenó unas nuevas pruebas con agujas al peticionario porque las que el peticionario tiene son viejas, pues no le habían hecho pruebas de aguja adicionales; le ordenó a recibir terapias físicas en el Centro Médico Correccional y el terapista no sabía lo que iba a hacer con él, ya que se suponía que las pruebas de las agujas fueran primero y del resultado de estas es que el Fisiatra podía saber cómo trabajar con el peticionario; y, en efecto iba de Ponce a Bayamón, a coger terapias físicas al Centro Médico Correccional en un viaje incómodo y largo, en un traslado amarrado en una guagua.

El recurrente añade lo siguiente: que luego de ser trasladado a la Institución Correccional Guayama número 1000, no ha vuelto a ver al Fisiatra y que en Ponce solo lo vio una sola vez hace alrededor de 2 años; y, señala que desde entonces tiene pendiente el referido para la prueba de

aguja. Además, el Sr. Sierra señala que, desde que llegó a Guayama, los medicamentos recetados, Tylenol y Motrin no le ayudan.

Inconforme con el tratamiento que ha recibido para atender su condición médica, según lo expuesto en el recurso ante nuestra consideración, el Sr. Sierra expone que presentó varias *Solicitudes de Remedio Administrativo*, como sigue:

1. *Solicitud de Remedio Administrativo* identificada con el Número GMA1000-366-25 (Solicitud **Núm. GMA1000-366-25**) el **29 de abril de 2025**; **el Sr. Sierra solicitó una cita con el [s]iquiatra, con el argumento de que llevaba más de un mes tratando por todos los medios, incluyendo la sala de emergencias**; la División de Remedios Administrativos **emitió una Respuesta del Área Concernida/Superintendente (Respuesta)** del señor José Soto, Gerente de OPD de Complejo Correccional de Guayama el 12 de junio de 2025 en la cual se dispone lo siguiente: Relacionado a su queja, le informamos que [ ] se envió copia de su queja a área de salud mental para evaluación y determinación; **no surge en el recurso ante nuestra consideración y sus anejos, que el Sr. Sierra** haya presentado una Solicitud de Reconsideración;

2. *Solicitud de Remedio Administrativo* identificada con el Número GMA1000-407-25 (Solicitud **Núm. GMA1000-407-25**) también el **29 de abril de 2025**; **el Sr. Sierra solicitó el seguimiento de su tratamiento del fisiatra por referido del doctor internista**; **no surge en el recurso ante nuestra consideración y sus anejos que el Sr. Sierra** haya recibido una Respuesta de la División de Remedios, ni que haya presentado una Solicitud de Reconsideración; y;

3. *Solicitud de Remedio Administrativo* identificada con el Número GMA1000-441-25 (Solicitud **Núm. GMA1000-441-25**) el **10 de junio de 2025**; **el Sr. Sierra** solicitó ver al [s]iquiatra, expuso que recibía tratamiento y que al paso de los años fue dado de alta, pero que estaba teniendo unos problemas de esa índole y mucha ansiedad; **no surge en el recurso ante nuestra consideración y sus anejos que el Sr. Sierra** haya recibido una Respuesta de la División de Remedios, ni que haya presentado una Solicitud de Reconsideración.

Además, el peticionario nos presenta copia de una **Respuesta del Área Concernida/Superintendente (Respuesta)** relacionado a una *Solicitud de Remedio Administrativo* identificada con el Número GMA1000-283-25 (Solicitud **Núm. GMA1000-283-25**). En esa **Respuesta**, emitida el 30 de abril de 2025 por el señor José Soto, Gerente de OPD de Complejo Correccional de Guayama, se dispone lo siguiente:

Relacionado a este remedio administrativo, le informamos que usted fue evaluado el 4/3/25 en la clínica de condiciones crónicas y se le dio medicamentos para su condición médica según criterio clínico del especialista. Además, se encuentra en lista de espera para un estudio especializado y luego será evaluado por el Fisiatra. Cualquier inquietud relacionada a

esta queja, le orientamos a referirla a su médico de cabecera en su próxima cita de seguimiento.

Inconforme con la Respuesta antes citada, el Sr. Sierra presentó el 2 de julio de 2025, una *Solicitud de Reconsideración*, reiterando sus reclamos. El 31 de julio de 2025, la División de Remedios Administrativos emitió una *Respuesta de Reconsideración al Miembro de la Población Correccional*, la cual denegó la petición de reconsideración y expone lo siguiente:

> Luego de evaluar la Solicitud de Reconsideración se determinó *modificar la contestación de Area Medica*.
> Sr. Sierra Placeres, en su Solicitud de Remedio[,] usted expresó su interés en recibir tratamiento médico. El caso fue discutido en el área médica. Nos informaron que est[á] pendiente de realizarse un estudio de agujas. Tan pronto se obtengan los resultados será [reevaluado] por el fisiatra.

Así las cosas, comparece ante nos el señor Sr. Sierra mediante *Recurso de Revisión Administrativa,*[2] inconforme con la *Respuesta de Reconsideración al Miembro de la Población Correccional* emitida en el Recurso de Remedio Administrativo, Solicitud Núm. GMA1000-283-25, y se limita a insistir que esta insatisfecho del tratamiento médico que ha solicitado, en su pedido de que sea evaluado por el fisiatra.

## II

Es norma asentada que las decisiones de los organismos administrativos merecen la mayor **deferencia judicial**, pues son estos los que cuentan con el conocimiento experto de los asuntos que les son encomendados. *The Sembler Co. v. Mun. de Carolina*, 185 DPR 800, 821 (2012). Al momento de "revisar una decisión administrativa, el criterio rector para los tribunales será la razonabilidad de la actuación de la agencia." *González Segarra et al. v. CFSE*, 188 DPR 252, 276 (2013). Luego, "[e]n caso de que exista más de una interpretación razonable de los hechos, el tribunal debe sostener la que seleccionó la agencia, y no sustituir su criterio por el de ésta". *Pacheco v. Estancias*, 160 DPR 409, 432 (2003). A su vez, "[e]l expediente administrativo constituirá la *base exclusiva* para la decisión

---

[2] SUMAC TA, a la Entrada Núm. 1.

de la agencia en su procedimiento adjudicativo y para la revisión judicial ulterior. *Torres v. Junta Ingenieros*, 161 DPR 696, 708 (2004).

La Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme (LPAU), 3 LPRA sec. 9675, establece el alcance de la revisión judicial de una determinación administrativa, como sigue:

> El tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio. Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.
> Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal.

Se ha pautado por el Tribunal Supremo de Puerto Rico que "los procesos administrativos y las determinaciones de hechos de las agencias est[á]n cobijados por una presunción de regularidad y corrección", por lo que "la revisión judicial se limita a determinar si hay evidencia sustancial en el expediente para sostener la conclusión de la agencia o si ésta actuó de manera arbitraria, caprichosa o ilegal". *Vélez Rodríguez v. Administración de Reglamentos y Permisos*, 167 DPR 684, 693 (2006)

Es decir, **si quiere** prevalecer, la parte recurrente está obligada a presentar la evidencia necesaria que permita, como cuestión de derecho, descartar la presunción de corrección de la determinación administrativa. *Camacho Torres v. AAFET*, 168 DPR 66, 91 (2006). Se sabe que la revisión judicial de determinaciones administrativas ha de limitarse a evaluar si la agencia actuó de manera arbitraria, ilegal, irrazonable, o fuera del marco de los poderes que se le delegaron. *Torres v. Junta Ingenieros*, *supra*, a la pág. 708. En ese sentido, la parte que recurre judicialmente una decisión administrativa tiene el peso de la prueba para demostrar que las determinaciones de hechos no están basadas en el expediente o que las conclusiones a las que llegó la agencia son irrazonables. *Rebollo Vda. de Liceaga v. Yiyi Motors*, 161 DPR 69, 77 (2004). La presunción de corrección de la decisión administrativa cederá en las siguientes circunstancias: (1) cuando no está basada en evidencia sustancial; (2) cuando el organismo administrativo ha errado en la aplicación de la ley, y (3) cuando ha mediado

una actuación irrazonable o ilegal. *Otero v. Toyota*, 163 DPR 716, 729 (2005).

**III**

El Sr. Sierra señala que el DCR que no ha recibido el tratamiento del Fisiatra a los fines de recibir sus medicamentos y terapias médicas. Luego de examinar el recurso y sus anejos, no hemos encontrado prueba que nos mueva a alterar la determinación del DCR. Conforme con lo intimado anteriormente, las determinaciones de hechos de las agencias administrativas gozan de una presunción de corrección que le corresponde derrotar a quien las impugna. Del expediente, surge que el DCR atendió la solicitud de remedio del recurrente y su determinación es razonable y merece nuestra deferencia.

**IV**

Por los fundamentos que expresamos anteriormente, se confirma la determinación del DCR.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones